Vushaj-Cekoj v. Holder

BIA
A094 927 369

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

VILSON VUSHAJ-CEKOJ,
> *Petitioner,*

v.                                            12-940
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Michael P. DiRaimondo, DiRaimondo & Masi, LLP, Melville, N.Y.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Leslie McKay, Assistant Director; Lori B. Warlick, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Vilson Vushaj-Cekoj, a native and citizen of Albania, seeks review of a February 10, 2012, decision of the BIA denying his motion to reopen his removal proceedings. *In re Vilson Vushaj-Cekoj*, No. A094 927 369 (B.I.A. Feb. 10, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). The agency may properly deny a motion to reopen where the movant fails to establish a *prima facie* case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104 (1988). The BIA may also properly deny reopening where the movant fails to comply with the regulatory requirements governing motions to reopen. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief *must be accompanied* by the appropriate application for relief and all supporting documentation.") (emphasis added).

Contrary to Vushaj-Cekoj's assertion, the BIA did not abuse its discretion in denying his motion for failure to comply with the governing regulatory requirements because his motion was not supported with a new asylum application. *See* 8 C.F.R. § 1003.2(c)(1). Regardless, even giving Vushaj-Cekoj the benefit of the representations contained in his original application, the BIA did not abuse its discretion in finding that he failed to establish his *prima facie* eligibility for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008). Indeed, Vushaj-Cekoj did not assert that he had received any threats since 2005, and the BIA's previous determination that he did not suffer past persecution, on the basis of his minor custodial beating and receipt of anonymous threatening letters, was reasonable. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006); *see also Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011); *Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006).

Moreover, while Vushaj-Cekoj submitted a report from Dr. Bernd Fischer, a professor and chair of history at Indiana University, Fort Wayne, which opined that

Vushaj-Cekoj had good reason to fear a threat to his safety should he be forced to return to Albania, the BIA reasonably determined that this evidence did not reflect that any individuals in Albania had expressed any interest in Vushaj-Cekoj since he had left the country in 2006. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *see also Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005); *Matter of M-B-A-*, 23 I. & N. Dec. 474, 479-80 (B.I.A. 2002). As a result, the BIA did not err denying Vushaj-Cekoj's untimely motion for failure to demonstrate his *prima facie* eligibility for relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4